Ryan L. Gentile, Esq.
Law Offices of Gus Michael Farinella, PC
110 Jericho Turnpike - Suite 100
Floral Park, NY 11001
Tel: 201-873-7675
*Attorney for Plaintiff, Fenton Williams*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------X
Fenton Williams

              Plaintiff,

   v.

Radius Global Solutions LLC

              Defendant.
-------------------------------------------------------X

**COMPLAINT AND DEMAND FOR JURY TRIAL**

      Plaintiff, by and through his counsel, Ryan Gentile, Esq., as and for his complaint against the Defendant, alleges as follows:

### INTRODUCTION

1. Plaintiff brings this action to secure redress for the unlawful debt collection practices utilized by Radius Global Solutions LLC ("Radius" or "Defendant") in connection with their attempts to collect an alleged debt from the Plaintiff.

2. Plaintiff alleges that Defendant's collection practices violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA")

3. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements in connection with the collection of a debt; unfair or unconscionable collection methods; and requires certain disclosures. *See generally* 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g.

4. The FDCPA is generally characterized as a "strict liability" statute because "it imposes liability without proof of an intentional violation." <u>Glover v. FDIC</u>, 698 F.3d 139 (3d. Cir. 2012) (citing <u>Allen ex rel. Martin v. LaSalle Bank, N.A.</u>, 629 F.3d 364, 368 & n. 7 (3d Cir. 2011).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's FDCPA claim pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6. Venue and personal jurisdiction in this District are proper because:

    a. The acts giving rise to this lawsuit occurred within this District; and

    b. Defendant does business within this District.

## PARTIES

7. Plaintiff, Fenton Williams, is an individual natural person who at all relevant times resided in the City of Hillside, County of Union, State of New Jersey.

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. Radius Global Solutions, LLC is a limited liability corporation with its principal place of business located at 7831 Glenroy Road Suite 250-A Minneapolis, MN 55439.

10. The principal purpose of Radius is the collection of debts using the mail and telephone.

11. Radius regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12. Radius is registered as a debt collector with the state of New Jersey.

13. Radius is licensed as a debt collector with the state of New Jersey.

14. Radius is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTS

15. Sometime around October 29, 2019, Plaintiff allegedly incurred a debt to Newark Beth Israel Emergency Medical Association, LLC. ("Newark Beth Israel") related to medical services rendered to his son for which the Plaintiff was allegedly financially liable for (the "Debt").

16. The alleged Debt arose out of transactions in which the money, property, insurance or services that were the subject of the transactions were primarily for personal, family or household purposes, namely fees alleged to have emanating from personal medical services rendered to the Plaintiff's child for which the Plaintiff was allegedly financially liable for.

17. The medical services redarned by Newark Beth Israel were not used for business purposes.

18. Plaintiff's alleged Debt to Newark Beth Israel is a "debt" as defined by 15 U.S.C. § 1692a(5).

19. Plaintiff disputes the Debt and denies owing any monies to Newark Beth Israel.

20. At a time known only to Defendant, Plaintiff's Debt was referred to Radius by Newark Beth Israel for collection.

21. Radius was never transferred, sold, or assigned any legal interest or rights with regard to the Debt.

22. Radius is not the owner of the Debt or the Plaintiff's creditor, but rather is merely a third-party debt collector with no legal interest or right in the Debt.

23. Radius contends that the Debt is in default.

24. Radius contends that the Debt is past-due.

25. The Debt was in default at the time it was referred to Radius for collection.

26. The Debt was past-due at the time it was referred to Radius for collection.

27. At all times relevant hereto, Defendant acted in an attempt to collect the Debt.

28. On or about July 28, 2020, Radius mailed or caused to be mailed a letter to Plaintiff (the "Letter"). (Annexed and attached hereto as **Exhibit A** is a true copy of the Letter dated July 28, 2020 sent by Radius to Plaintiff, except the undersigned counsel has in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and Plaintiff's street address in order to protect their privacy)

29. Rather than prepare and mail the Letter on its own, Radius sent information to a commercial mail house ("Mail House").

30. Radius disclosed to the Mail House:

    a. Plaintiff's status as a debtor;

    b. That Plaintiff supposedly owed $731 to Newark Beth Israel;

    c. The fact that the Debt concerned Plaintiff's son's medical treatment;

    d. Mr. William's son's name; and

    e. Other highly personal pieces of information.

31. The Mail House then populated some or all this information into a pre-written template, printed, and mailed the Letter to Plaintiff's residence in New Jersey.

32. The term "*Communication*" is defined in the FDCPA at §1692a(3), as "the conveying of information regarding a debt directly or indirectly to any person through any medium," which includes sending an electronic file containing information about Plaintiff's alleged Debt to the Mail House.

33. Radius's communication to the Mail House was in connection with the collection of the Debt because it involved disclosure of the Debt and other private information to a third-party with instructions to produce the Letter and mail it to Plaintiff with the objective that the Letter would motivate him to pay some or all the alleged Debt.

34. The Mail House is a distinct entity not owned by Radius.

35. The Mail House is not a consumer reporting agency as referenced in 15 U.S.C. § 1692c(b).

36. The Mail House is not an attorney as referenced in 15 U.S.C. § 1692c(b).

37. Plaintiff never consented to having his personal and confidential information, concerning the Debt or otherwise, shared with any Mail House or other third party not listed in 15 U.S.C. § 1692c(b).

38. Radius devised their strategy of communicating to a third-party Mail House so that it could churn out more collection letters than if it kept all the work "in house".

39. This strategy allowed Radius to generate more profit and gain an advantage over competitors.

40. In reckless pursuit of these business advantages, Radius disregarded the known, negative effects that disclosing sensitive medical information regarding the Plaintiff's son, and the Plaintiff's alleged liability to pay a medical debt regarding medical services rendered to his son, to an unauthorized third party would have on the Plaintiff.

41. The Defendant's unauthorized and prohibited communications caused Plaintiff emotional distress since he and his son's confidential, legally protected medical and personal information were unlawfully disseminated to third parties.

## CLAIMS FOR RELIEF

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

42. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

43. The conduct of the Defendant in this case violates 15 U.S.C. §§ 1692, 1692c(b), and 1692f.

44. 15 U.S.C. § 1692c(b) states that:

    "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." (emphasis added).

45. 15 U.S.C. § 1692f states that:

    A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt

46. Radius violated 15 U.S.C. § 1692c(b) because it disclosed information about Plaintiff's alleged Debt to the Mail House, and the employees of that Mail House, in connection with the collection of the Debt, and did so without Plaintiff's consent or any other legally permissible purpose. *See* Hunstein v. Preferred Collection & Mgmt. Servs., 2021 WL 1556069 (11th Cir. April 21, 2021)

47. The Mail House used by Radius as part of its debt collection effort against Plaintiff does not fall within any of the exempted categories listed within 15 U.S.C. § 1692c(b).

48. Due to Radius's communication to the Mail House, information about Plaintiff, including his name, his son's name, medical issues, treatment dates, and the amount he supposedly owes as a result, are all within possession of a third party not expressly listed within 15 U.S.C. § 1692c(b)'s exemptions.

49. If a debt collector "conveys information regarding the debt to a third party – informs the third party that the debt exists or provides information about the details of the debt – then

6

the debtor may well be harmed by the spread of this information." <u>Brown v. Van Ru Credit Corp</u>., 804 F.3d 740, 743 (6th Cir. 2015).

50. Communications from debt collectors to mail houses are not exempt from the provisions of § 1692c(b) and are "in connection with" the collection of a debt. *See* <u>Hunstein v. Preferred Collection & Mgmt. Servs</u>., 2021 WL 1556069 (11th Cir. April 21, 2021)

51. Radius violated 15 U.S.C. § 1692f by using unfair means in connection with the collection a debt, to wit, knowingly disclosing sensitive medical and personal information about Plaintiff and his son to third parties not expressly authorized under the FDCPA.

52. Plaintiff suffered actual damages as a result of Radius's unlawful conduct including but not limited to humiliation, anger, frustration, and embarrassment.

53. Radius is liable to the Plaintiff for statutory and actual damages pursuant to 15 U.S.C. § 1692k for their violations of the FDCPA described above.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against the Defendant for:

    (1)    Statutory damages;

    (2)    Actual damages;

    (3)    Attorneys' fees, litigation expenses and costs of suit; and

    (4)    Such other and further relief as the Court deems proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: Floral Park, New York
       May 7, 2021

                                 /s/ Ryan Gentile
                    By:_____
                             Ryan Gentile, Esq.
                             *Attorney for Plaintiff*
                             110 Jericho Turnpike – Suite 100
                             Floral Park, NY 11001
                             Tel: (201) 873-7675
                             Fax: (516) 305-5566
                             rlg@lawgmf.com